I and my co-counsel Ms. White represent co-defendants McNeil and Stoddard. There are some issues in this case which I'll address first which pertain only to Mr. McNeil and the initial brief and the question of the adequacy of the evidence against him. We then will break up the discussion of Johnson v. the United States and I'll address for the court the issue of the first clause and Ms. White will address the issue of the second clause. Looping back now to the trial and the issues that pertain exclusively to Mr. McNeil, bluntly we think that the court should dismiss the counts of conviction against him because there's insufficient evidence in this case. Count 1 the court will recall was a conspiracy to commit armed bank robbery. The government elected to reach for that higher level rather than the 20 year count of just a conspiracy to commit bank robbery and charge the higher offense of conspiracy to commit armed bank robbery. In doing so they increased their burden of proof. The government included into its burden of proof that Mr. McNeil when he was found guilty of armed bank robbery would involve the use of a firearm. Not just when he joined it but at some point during the conspiracy wouldn't that count? At some point during the existence of a conspiracy when he joins it he has to join with awareness of the entire scope of the conspiracy he's joining whether it's at the beginning or at some point thereafter when he enters the conspiracy. You mean join, you mean the conspiracy that he's in? Yes, yes. And the reason we say, we suggest to the court that these counts should be dismissed against him is because it was a very- Which counts you want to dismiss? Mr. McNeil was convicted of counts 1, 6, and 7. Count 1 is the conspiracy to commit armed bank robbery. And you want that dismissed? Should be dismissed. Yeah. Count 6- You want the count itself to be dismissed? As well as the other two counts against Mr. McNeil. Well, but that would mean you couldn't even get a trial if you're going to dismiss it. You want to say that the evidence is insufficient and you're entitled to an acquittal? Exactly. Or you're saying they couldn't try it? Oh no, they could try him, certainly. They could try him. So maybe you don't want dismissal. I apologize. Maybe you wanted a judgment of acquittal. I wanted an acquittal and I think this court should overturn the convictions for all three. For all three counts? Mr. McNeil, was he the driver? Exactly. This is why. The case against Mr. McNeil, the high watermark for him, was he was a driver on December 27, driving Mr. Stoddard and another person, not identified as the other robber on December 31, from Maryland into Virginia. They park in Arlington, wait for a while, and then leave. Four days later he's followed from Maryland into Virginia with Mr. Stoddard again and now Mr. McNeil. He parks, Stoddard and Link exit the vehicle, go to a bank, rob the bank, return to his vehicle and as they are returning to Mr. McNeil's vehicle, an FBI SUV wedges in front of him. Because the FBI had been watching it all. They'd been watching it all. Of course they had. In fact, the court will recall they actually got a tracking warrant the day before the final bank robbery and were following him. They had overhead. What do you think the flaw is? What is the flaw in the government's case? There's no evidence for purposes of the conspiracy to commit armed bank robberies. Well, if your man was the driver, he didn't have a gun on him? But more than that. But they're all charged with what everybody did. Well, if they're all charged with whatever they did for a conspiracy and they got Section 2 in there, they ain't even abetted each other. Your man may have been the boss man. He could have found out under all this. If he joined the conspiracy, then Pinkerton liability follows. No, it's not. But they charge Section 2 also on the substantive offenses. Aiding and abetting each other. And going to that then. On count six, aiding and abetting on the bank robbery. Rosamond is a Supreme Court case that makes the point that for an aider and an abetter, not somebody in the bank, but the aider and abetter, has to have knowledge before he actually becomes an aider and abetter that there is a firearm involved in this armed bank robbery. And to answer your question, Judge Shedd, there's no evidence. Whose house did they find that nickel firearm in? Well, they found that in a house that Mr. McNeil said post-arrest he had lived in that house. Mr. McNeil said it was in his house and they had the pictures of that firearm. They offered that in evidence. Right. And the pictures of it were the other robberies. Right. Well, they never linked the weapon found in Mr. McNeil's home. It looked like it. It was a revolver. It looked like it. The jury's entitled to conclude the same one. It's the only one they had. Well, interesting. They had the evidence and that was the only one they had. They found it in his house. Well, interesting to that issue. And I do want to go back to the court, Judge Shedd, in just a minute. I'd like his question. But here we are. We look at it at this stage in the light most of the time. We performed DNA tests on that weapon, that revolver that was seized from the home in Maryland, because Link is the alleged robber who actually holds the lobby with a gun. And at our request, quite a struggle, we got DNA tests to show when it was tested. Mr. Link's DNA was not on that revolver seized in Maryland. It happened to be a revolver. A witness at an earlier bank robbery said that man had a revolver in his hand. Well, that's nice. The jury didn't have to believe that. That's true. That's true. It's a brick in the wall. I still don't understand. What is the flaw? Here's the flaw. Based on the questions now, as has sort of been elaborated on by Judge King's questions, there was a silver handgun used in a robbery with these guys at some point, correct? In October and November. Two of them. There was a robbery found. Two other robberies. And then a gun that the jury could believe was that weapon was found at your client's home. That they could believe, perhaps. But they could believe, perhaps. They could believe it. They did believe it because we look at it in the light most favorable to the government. They did believe it. Well, actually, I'd say no, Your Honor. They didn't. And the reason for that is they hung. Do you want to change the standard of review? No. What I mean to say is they hung on those other robbery counts as a reason. They hung that count. Those counts don't have anything to do with it. They're charged in the conspiracy. It's all part of the conspiracy. Well, the reason... They could have found it for the purpose of the conspiracy and not for the purposes of the substantive offenses. Look at it in the light most favorable to the prosecution. The reason I mention that is... Look at the counts they convicted him on. They convicted him of the conspiracy. Yes, Your Honor. So they found whatever it was that related to the conspiracy. That was in evidence. What I mean to suggest to the court is they did not get a conviction linking the Maryland revolver to the earlier robberies. But they don't have to. They don't have to. The jury can decide each count the way it wants to. Indeed. I was only responding to the idea that that weapon... That was the point I was trying to make. To go back to... They didn't have to charge the other two robberies. They could have not only charged them, but they could have charged the gun. They could have charged the stuff that's in the conspiracy and used that as part of the conspiracy. To go back to your question very quickly, and then I'll move on to the fourth clause. Very quickly, the flaw in the case is only... All they have is Mr. McNeil driving a car. They have no state from anybody. There was a conversation about a weapon. They have no statements. But you can draw a conspiracy from circumstantial evidence. You can. But you can't pile inference upon inference. Well, you can do it. You can find all the reasonable inferences that you can find he was in this... From this evidence. And Judge King makes the point. They had to find it. But at any rate, you can find it, and he may be right about that. They found that he was in this conspiracy. And this conspiracy involved a weapon. And a weapon that was used in what was one of what looks like they could believe was something this group did together. They found in his home. That's not a great lead. What do you think is wrong about that? Here's what's wrong about it. Okay. They asked the jury to infer that Mr. McNeil... The evidence was Mr. McNeil lived at that home. That statement came in. That statement came in in derogation of a government commitment not to use that statement at the last minute. But... Yeah, and the court raised issues to this point as well. But be that as it may, that was the starting point for the inference upon inference. But from that, McNeil lives at this home in Maryland. The inference was McNeil occupied the room where the weapon was found. There was no evidence of that. Then layering on top the next inference was because you infer he occupied that room on the second... Wait one second. There were mail... He was there. There were mail items in that room. Right. So why is that not at least a reasonable inference? Well, it is an inference. There's no question about it. What I mean to suggest for the court is when we stack inference upon inference... No, but that's the inference that you just admitted is completely... It's completely acceptable that he was in that room. But my point being, inferences standing alone can be acceptable, but when they rely on predicate inferences rather than predicate proven facts... But you haven't told me any inference that's not proper yet. Here's the next one. That he must have exclusive control over that room would be the next inference. And because he had exclusive control over that room, that revolver must have been his. It didn't have to have exclusive control over that for a reason to be his. But we don't know who put that revolver there. You don't have to know that. If I go in and out of my room and I live in a room and a bunch of other people can get in that room, there's a reasonable inference that I had access to that weapon or that was my weapon. That's a reasonable inference. Very good, Your Honor. It is. I'd like to move to the force clause for a quick second because I'm running out of time. Johnson issue. And the Johnson issue really focuses on the residual clause and whether that is unconstitutional or vague. The force clause is really a separate issue. And what we're doing now, because Johnson calls into question the validity of the residual clause, we give more scrutiny to the force clause. The force clause in 924, which applies to both of our appellants, is the use, attempted use or threatened use, of physical force. Decided case law makes clear that when we're talking about physical force, we're talking about violent physical force capable of injury. Further, we're talking about an intentional mens re, not the negligent or the inadvertent use of that force, which makes sense because you have to keep in mind 924 gives a consecutive sentence of up to life. You have to earn it. And the idea of earning it by negligence or recklessness or inadvertence is not what Congress meant. This is somebody who's earned that extra time. Well, if you know what Congress meant, you're the only person that does, apparently. I credit that. Nobody in the court can ever figure it out. Well, then, moving from that framework of what the use, attempted use or threatened use of force is, we go to 2113, the bank robbery statute. So you think that brandishing a weapon in a bank robbery, didn't somebody fire a shot as well? In the October robbery. Right. That Mr. McGillis... That isn't anything close to what Congress intended to see as attempted use, threatened use of physical violence against a person or property. Well, it could very well be. And we certainly can go one better. There are many ways one can use force during the commission of a bank robbery. Why isn't it valid here? Because the categorical approach says, we're not looking at all the ways you can accomplish it by the use of force. We're trying to find out if there's a way that bank robbery can be accomplished without that use of force required by 924. And Woodruff is a case out of this building where the court found that Woodruff was guilty of that bank robbery by intimidation, where he didn't use force against anybody. The court will recall he just hops over the counter. When he hops over the counter, the teller becomes frightened. And this court found, for purposes of bank robbery, if you're going to go into a bank and hop over a counter and scare a teller, you're a bank robber, a sensible conclusion. It exemplifies, though, the point that we can commit a bank robbery, but not commit a 924 violation. Change the facts of Woodruff a little. He hops over that counter, and he happens to have his gun in his hand to fortify his courage, with no intent to point it at anybody, no intent to shoot anybody. But simply then adding that equation of a dangerous device... From your rebuttal time... I'm finished. I thought I asked you a question and pushed you right up to the light now, but I... I'll be back. Why don't you go ahead and ask the question? Please, Your Honor, whatever you want to ask. I'd already asked the question. Oh, you did? I was just saying. Your colleague, Ms. White, will have some time now before we get to the government. And we'll see you again, too. Ms. White? May it please the Court, I'm Maureen White, and I represent Alfonso Stoddard. With my colleague's argument that the force clause doesn't apply, you are then left with the residual clause. And it's our position that the residual clause under 924 is void for vagueness pursuant to the Johnson decision from the Supreme Court this summer. What about that Atkins case? That Atkins case precedes, predates... Pardon? Well, it was 1991, but Judge Hall, Judge Widener decided that armed bank robbery is a crime of violence. Yes, sir, but since then we've had Johnson... So you think Johnson overruled it? No, sir. Not that Johnson. Johnson, 2010, overruled it. Because Johnson, 2010, said you have to have, that the physical force referred to in the force clause has to be violent physical force. And then there's Miguel Torres that came out of this, sir. But they said if it's, if you, I think they said, Judge Hall said if you, armed bank robberies, violent physical force. Yes, but I think that's been overruled. And so far... You're saying armed bank robbery is not a violent crime? Not under the ordinary case scenario. I think... Is the word intimidation in there somewhere? Yes, sir. If you go into a bank unarmed, unarmed, completely unarmed, and pass a note to the teller and say, give me your money. You don't threaten a gun or anything. Give me your money. And she gives you all the money. Is that an armed bank robbery? Can it be? Under the intimidation clause? Well, the problem, your honor... Any reasonable teller is going to think that there's a gun to pop it. Yes, sir. As Mr. McCarthy pointed out, the common sense approach is, yes, armed bank robbery is a crime of violence. But if you employ the... That's what our precedent is, I think. Well, no, sir. I don't think it is. I would respectfully disagree. You have to apply the categorical approach, which means that you have to look at the ordinary case. And the ordinary case may be him going up to the teller and slipping your note. It may be coming in and threatening to poison her. It could be coming in with five people with guns shooting. But what you're doing, and this is why the residual clause was held unconstitutional, is you are forming an abstract, a judicial abstract of some theoretical ordinary case. And it's an impossible standard. And that's why Johnson overruled the 924E2B provision. And it's our position that the 924C should also be overruled for the same reason. The language is identically the same, or virtually the same, with the exception that in 924E, they have four offenses that precede the residual clause. And our language is identical to the language in 16E. Your position that the state of the law is now, despite the fact that one of the robbers had a weapon and shot it in the building, that the law doesn't allow us to consider that threatened use of physical force against a person or property of another, that's your position of your view of what the law is? Yes, sir, it is. It's an interesting state of the law, isn't it? Do you think anybody in the world, other than those of us on the court, lawyers who have to argue to us, would ever think that could be possible? That a person who goes in a bank to rob a bank with a gun and fires the weapon, that anybody in any other context would ever think that's not threatened use of force? I can't speak to other people's state of the law. You don't know other people in your life? You don't talk to other people? Would they laugh at that? We've already established what you suggest under the law we are to look at. But I'm just saying. Are you talking? Common sensically, your honor, as Mr. McCarthy noted, yes, probably one would consider it a crime of violence. But we have to use a categorical approach. That's what the Supreme Court has ruled. Are you saying that's the state of where the law is, you assert? Yes, sir, I do. I'm just wondering whether you can get to the residual clause. That's my point. I don't think that we do. In the event that your honors disagree with us, I wanted to argue it. I was asking questions about A. I wasn't asking about the residual clause. I was asking about the element, the attempted use, not B. I was asking about A. Yes, sir, understood. Anything else? Thank you very much. Thank you. Mr. Cook. Good to have you here, Mr. Cook. Thank you. May it please the court. I'd like to start with the issue that has the most significance here to the government, which is whether armed bank robbery is a predicate for 924C. And this court has held that it is. And Adkins and numerous other circuits have also held that, the Wright case from the 9th Circuit, the Johnson case recently from the 2nd Circuit in 2015. The courts have also said that it's just bank robbery simply under 2113A, counts as a crime of violence under the Force Clause. Jones from the 7th Circuit, the Royal Opinion for the 5th Circuit, and the Shuck case from the 11th Circuit. That one's unpublished, but it's consistent with the authority that I've just mentioned. Do you think that Adkins is viable? I do. I think that's still a binding precedent, and it controls this case. And the other authority out there is completely consistent with it. In fact, I would venture, I don't, I'm not aware of there being a case out there that has squarely held that a federal robbery, bank robbery offense, or a Hobbs Act robbery, or federal carjacking fails to count under the Force Clause of 924C. And that, these offenses have been used for 924C as predicates since the, since Congress added the crime of violence definition in 1984 to 924C. And indeed, specifically, the Simpson case from the 70s from the Supreme Court. Is that the definition they were using in Adkins? Yes. The definition was in place the same for the Force Clause in Adkins. That has not changed. There was an amendment in 1986 to the bank robbery statute, but not to 924C. And that predated Adkins as well. Why do you say that's the issue that is most important to you, to the government? Yes, because there are a great number of convictions. Just the broad range of impact of it. Right, right. It extends far, far beyond just this case. It's not the most important necessary to this case. That's right. I mean, the underlying question of the involvement with him and the weapon, which you look in long term and scope, that is one that would impact the most, you think, the decision on 924C. Exactly. And, I mean, if the court is in agreement that Adkins is... We don't have to tell you if we're in agreement. But 924C, they say it's not. You say it is. But we've got to figure that out. The question is, I guess you don't have anything further to add. But you think it's the most important one, and you want to get it settled in the Fourth Circuit. Exactly. Because we have other bank robberies, maybe down the road, in the Eastern District of Virginia, and maybe some others in some of the other districts. Yeah, not even down the road currently. There are many such cases out there. Is there anything else you want to add on that, or you've made your argument on that? I could elaborate some more if the court has particular questions. The... Very briefly, the Johnson opinion, I think, is completely consistent. That is the 2010. There are a lot of Johnsons here. The 2010 Johnson opinion that dealt with whether battery, common law battery was... That's the one they say upended it. Exactly. And that doesn't... It wasn't upended there. It was upended by the next Johnson, I guess. But they first say it was upended in 2010. And that 2010 opinion does not change Adkins or the analysis of why bank robbery and armed bank robbery count as predicates. And that's because the key, as I understand it, point being made here is that the intimidation language in 2113A fails to satisfy that force standard in 924C3A, and as force was... Physical force was interpreted in the 2010 Johnson opinion. And this court has said in a number of cases, Presley, which was a state robbery case, said intimidation is the threat of the use of force, and therefore concluded that it met the force clause of 924C. Or I'm sorry, of the... In that case, the career offender guideline. And Woodruff said the test in the circuit for intimidation is whether an ordinary person reasonably could infer a threat of bodily harm from the defendant's acts. Those tests meet the test for physical force in the 2010 Johnson opinion. They line up very nicely. And as we noted in our brief, in the Fifth Circuit's case... Don't make a supplemental brief. Exactly. The Fifth Circuit's case, Higdon noted that the bank robbery statute, which goes back to the 30s, started off using a fear of injury language, but then moved to intimidation. Those standards are viewed as the same. There wasn't intended to be a change in the meaning of the statutes. And these intimidation fear of injury have been consistently construed using the common law standards that were explicated in Presley and in subsequent cases. So, in light of... Because the force clause is satisfied, it's not necessary to reach the 924C3B question whether Johnson invalidates that. But the government's position is that is not affected by Johnson because of the differences between 924C3B and the Armed Career Criminal Acts residual clause. Turning to this case, McNeil's argument that there is not sufficient evidence that he knew that he had a gun is a circumstantial case, but there is a host of evidence that combined easily meets the standard for the sufficiency. What are they? There's a series. First, there's the evidence that all three of them were outcasing the Wells Fargo and Bank of America banks on December 27th. They started off in McNeil's car and traveled to those. I think he's talking about putting a weapon in the conspiracy. Sure. And so, building there is clearly evidence they're together there in the conspiracy. They all drive to the bank, and obviously, Link has a gun for that last December 31st robbery. When he returns to the car after the bank robbery, he's got it on his person, gets in the car. But that doesn't mean that the conspiracy was joined at the point that he knew it was there. True, but there's evidence supporting that they know that he's... My question, though, because somebody can be in a conspiracy and then somebody can abandon the conspiracy once they find out something they didn't know. Sure. I'm just asking, the gun after the fact, that doesn't make a case, does it? No, it helps. It's part of the bigger totality of the circumstances. And a fact that I think helps a lot is that there is a gun found in the house where McNeil lives. And even if you didn't accept the evidence that he lived there, the fact that he left from that house to do the surveillance on the 27th... Living's not critical. Yeah. I think access to and presence there is. Exactly. And he left that house immediately before this robbery. And in a room that had mail items of clothing and toiletries in it, there was a gun that was silver, that a jury could reasonably conclude was like the gun that was used in the first two robberies. The Maryland one in Rockville and then the one in Vienna at the bank of Georgetown. When do you place him in a conspiracy by your indictment or proof? Do you place him in before the robberies with the silver pistol? Yes, absolutely. I mean, had Link testified, we would have proven that he was there throughout. But Link, of course, refused to testify. And so we didn't have direct evidence. Did you trial the case below? No, I did not. What kind of gun did Link have at the third robbery? It was for the robbery right before Thanksgiving and the robbery on the 31st. Those were both Glocks. And so that explains why you could conclude that the gun from the earlier robberies was still residing in- Because that Glock wasn't a silver weapon. Right, it's black. And there were pictures introduced of- It was a black Glock and then the silver- Exactly. Silver was over there at Hivesville. Right. So you think you make out, I want to be very specific, do you think you make out the case because the jury could have slash did believe that this defendant wasn't in the conspiracy, that a silver handgun had been used during the conspiracy, and that the silver handgun, the jury could believe, was a handgun found at the house where he was present and found it in a room that had the mail items in it? Was there any other mail in that house or testimony? No, there were three other women. Any other testimony about other mails living there or being there? No, there was none. And also notable is that the gun was found with cash, 20s, 30 dollars. No way you brought that cash back to the cash at the bank, though. There wasn't evidence- Not correct. That was linking that back. And there's also the- And you think that's enough? Yes. And there's also the testimony from George Williams, who was the inmate that was housed with Stoddard, whom he knew as Goose, and McNeil, who's known as Mac, saying that Stoddard said that he robbed banks and that he did it with two other people, including Mac. And that further buttresses that they were in a conspiracy together and supports the big picture of the jury concluding that the evidence viewed as a whole was that McNeil was in this throughout. And you think those inferences, if believed, are enough to support conviction beyond a reasonable doubt about his involvement in the conspiracy for armed bank robbery? Yes. And this Court's opinion fairly recently in Reed, I think, supports that. Reed had a series of similar robberies, and these were fairly similar in their modus operandi. Well, unless the- Thank you, sir. Court has any other questions, I ask that you affirm. Let's see what Mr. McCarthy has to say. Justice Scalia in Johnson found ACCA 924E unconstitutional because the ordinary case was impossible to conjure. That's the problem that 924C has. That's the problem that may have found in the Ninth Circuit Section 16 had. Therefore, we are reduced to the force clause to determine whether the bank robbery constitutes a crime of violence. There's a reason for that. There's a discussion about Atkins. Atkins is a 20-year-old case. Still good law if- that it's 20 years old doesn't make it bad law. But the Court might recall that in Atkins, it's a footnote that says bank robbery is a crime of violence. And the issue was never contested. And it's important to understand the changed landscape. Before, when Atkins was decided, when Presley, which was dealing with a state robbery statute, which really doesn't inform the decision today. But before, when those cases were being decided, we had the subordinate force clause and the residual clause, which was much broader. Now that the residual clause is gone, and the residual clause really almost had a gravitational pull for cases as defense practitioners and as courts trying to decide if a case was a crime of violence. Whether there was a use of, or attempted use, or threatened use of force oftentimes got lost in the discussion. Because in any event, there was a risk of harm to people. And so there was this natural inclination just to find a crime of violence. Now that the Supreme Court has gutted the residual clause, the force clause gets more scrutiny than it used to ever get. And it's a more narrow vehicle by which we decide whether there is, in fact, a crime of violence. In this case, still, with the decision of the Supreme Court under Johnson 2010, we're still talking about the violent use of physical force capable of harming with an intentional mens re. And the truth of the matter is, the fact under 2113 is, as this court has found in Woodruff, you can, by inadvertence, commit a bank robbery. Now you're going to be punished for that bank robbery. But you're not going to be punished for the follow-on 924C count if you inadvertently commit that bank robbery by intimidating the teller. Under 2113, whether you also bring a dangerous device or not doesn't remove from the equation inadvertent intimidation. And because you can always, whether it's a bank robbery or an armed bank robbery under 2113, because you can always commit that by inadvertence, as this court in Woodruff said, under the categorical approach, by definition then, 2113 in this circuit is not a crime of violence under 924C. Now we don't have to get there. Judge Ed, you drifted here a little bit with the government. For Mr. McNeil, it doesn't matter. Because the fact of the matter is, there's insufficient evidence to show that at the time he entered the conspiracy, he had knowledge that a weapon was involved. And that was an element of their proof. They had to prove that. And they didn't. In fact, they never proved ever in this trial that McNeil knew there was a weapon involved by anybody. He simply let somebody out of the car on New Year's Eve. They come back. And they're arrested. There was no evidence he saw a weapon, discussed a weapon, handed anybody a weapon, or did anything with regard to that bank robbery. And that was the only bank robbery for which he was found guilty. So because he didn't join the conspiracy to commit armed bank robbery, he can't be an aider and an abettor under counterclaims. I think we've been, I thought we'd already had this discussion before. But the inferences drawn there could be that he's in a conspiracy that does, in fact, use weapons, a weapon like the one that he had. Why isn't that a reasonable inference? Because the arm of joining a conspiracy or being in a conspiracy with armed bank robbery. Because the court's first sentence is mistaken. That is, what I'd ask the court to drill down on is, you say he's in a conspiracy. The question for the court that it has to wrestle with is, what conspiracy? We have to first find that he joined a conspiracy to commit bank robbery. It's not that we can, after the fact, just shoehorn that into any conspiracy. No, they're not correct. I don't think that's correct at all. You don't have to join. You could join a conspiracy to rob a bank, and then if you had knowledge that the bank robbers you were perpetrating were weapons being used, then you didn't join at a time when you joined, you knew it was going to be armed bank robbery. But by staying in with that knowledge, you are then in that conspiracy, correct? Here's the answer. No, incorrect. I didn't know that's completely correct. Well, for this reason, if the court please. If they had indicted Mr. McNeil only on bank robbery, I think the court would be exactly right. Without the conspiracy, you mean? No, if they indicted him for the conspiracy of bank robbery only, I think the court's exactly right. Because once you are a member of a conspiracy under Pinkerton liability, the court's exactly right. But they went further. They got greedy. They didn't indict just on a bank robbery conspiracy. They indicted on an armed bank robbery conspiracy. So they injected another element to entry to the conspiracy. Let me say, I don't think you're right about Pinkerton liability. That's not Pinkerton liability. That would be under the facts. I'm just, if you had knowledge of it and stayed in that conspiracy, then you are in a conspiracy for armed bank robbery. I think that's right. If you have, if you're in the conspiracy. I don't think you need to think to it. It is absolutely right. Well, what I mean to say is, I'm trying to draw a nuance for the court. Right. If you're a member of a bank robbery conspiracy, and while a member, as the court suggests, you then become aware of the gun. under 371, and it has statutory objects of bank robbery under 2113A, which is not the armed bank robbery, and D, which is the armed bank robbery. So it had both the objects. And I think your Honor's point was correct. No, but that's what the indictment says. Exactly. But it's a 371 conspiracy. That's the offense. But it's a, but the description of the conspiracy is conspiracy to commit armed bank robbery by use of power. That's right. And bank robbery. And bank robbery. But there were two objects. But they went one step further. So they found him guilty of both objects. Well, they found him guilty. But the point is, if you charge the higher conspiracy, let me go back to your point first, Your Honor, if I could. I think you're right that if you are charged with the subordinate conspiracy to commit simple bank robbery, and then you discover. They were charged with that. They were charged both ways. Well. They were charged both ways. But the dilemma is, when you're charged with armed bank robbery conspiracy, it's a 25, not a 20 year count. I know, I know. But that's the punishment. That's the punishment under the substantive offense. And it's a punishment. Under the substantive offense. Not under the conspiracy offense. But it's a punishment because of the added element. That's right. Of joining the element. But they found him guilty of the substantive offense too. And they found him guilty of the conspiracy to commit both the substantive offenses. The objects of the conspiracy were bank robbery and armed bank robbery. You could have asked, I assume, to have the jury pick and choose. But I don't think you did. They found a general verdict. Found him guilty of both objects. I'd suggest to the court what they found him guilty was a conspiracy to commit armed bank robbery. They did find him guilty of that. But they found him guilty of commit bank robbery. Well. That conspiracy had two objects. Well, that was the point the government made.  To the lesser included conspiracy theory, if they didn't present that to the jury. That is, they can't. We don't have to retreat to it. Well, they can say that he's found guilty of both of them. And he was found guilty of both of them. I mean, that's what a general verdict is. The way it was when I was practicing law. I've been on both ends of it. I understand that. Back to your point, Judge, if I could very quickly. The court makes the point, if he's a member of a conspiracy and then is aware of the gun. I think the court's exactly right. If you're aware of the gun, then you've signed on for that as well. The point is, in this case, those aren't the facts. In this case, there's no evidence he was ever aware of a gun. Well, they had one at home. He had the gun at home. But he was. But for purposes of aid or in a better, he was found guilty only of the December 31 bank robbery, which involved the Glock, not the revolver. And that's why it's important. It doesn't matter. If there's evidence in the record that he. There's evidence that the jury could find. Not even if he was involved in it. If he knew these people rob banks using weapons, and then he joined in with them. And into the conspiracy under which they committed armed bank robbery, couldn't he be convicted? Exactly. That's not. He could be convicted. Well, he's if he knows these people were robbing banks with guns and he joins it. I think we understand your position. And we want to be sure they want to. You've done a good job. You're a client. You have done a good job. Either you all court appointed. You both court appointed. Well, we thank you for your work. We really appreciate it. We could do our work without George.
judges: Robert B. King, Dennis W. Shedd, Stephanie D. Thacker